IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEANDRE D. CURRINGTON, | ) | |
| AIS 269990, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:23-cv-120-MHT-SMD |
| | ) | (WO) |
| MASON BYNUM, | ) | |
| | ) | |
| Defendant. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Deandre D. Currington, a prisoner proceeding *pro se*, filed this civil action on March 1, 2023. (Doc. 1.) Because Currington neither submitted the filing fee for civil actions nor applied for leave to proceed *in forma pauperis*, the Court ordered him to do one or the other. (Doc. 2.) On March 22, 2023, Currington applied for leave to proceed *in forma pauperis* and submitted information regarding his inmate account. (Docs. 3 & 4.) On March 23, 2023, based on Currington's inmate account information, the Court issued an order directing Currington to pay an initial partial filing fee of $4.33 by April 6, 2023. (Doc. 5.) The Court specifically cautioned Currington that failure to comply with its order would result in a recommendation that his case be dismissed. (Doc. 5 at 3.) On April 13, 2013, the Court entered an order *sua sponte* extending the deadline for Currington to pay the initial partial filing to April 21, 2023. (Doc. 8.) Currington has not submitted the initial partial filing fee. To date, he has neither complied with Court's order of March 23, 2023, nor otherwise responded to that order.

Because Currington has failed to pay an initial partial filing fee in compliance with the Court's March 23 order, the undersigned concludes that this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31.

Here, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co- Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). Accordingly, based on the foregoing, the undersigned RECOMMENDS that this case be DISMISSED without prejudice.

It is further ORDERED that by May 23, 2023, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo*

2

determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 9th day of May, 2023.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF U.S. MAGISTRATE JUDGE